# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN ATKINS** | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **HARRISBURG POLICE BUREAU** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, CHRISTOPHER** | : | |
| **AULETTA** | : | |
| **Individually and as a Police Officer** | : | **Civil Action No.** |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, ERIK HENRY** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, NATHANIEL** | : | |
| **PUCCIARELLO** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, DUANE PYLES** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, JOHN DOE I** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREAU** | : | |
| **POLICE OFFICER, JOHN DOE II** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |
| **and** | : | |
| **HARRISBURG POLICE BUREA** | : | |
| **POLICE OFFICER, JOHN DOE III** | : | |
| **Individually and as a Police Officer** | : | |
| **For the City of Harrisburg** | : | |

## COMPLAINT

Plaintiff, Kevin Atkins ("Mr. Atkins"), by and through his attorneys, Gay & Chacker, P.C., hereby asserts the following Complaint against defendants, Police Officer Christopher Auletta ("defendant Auletta"), Police Officer Erik Henry ("defendant Henry"), Police Officer Nathaniel Pucciarello ("defendant Pucciarello"), Police Officer Duane Pyles ("defendant Pyles"), Police Officer John Doe I ("defendant Doe I"), Police Officer John Doe II ("defendant Doe II"), Police Officer John Doe III ("defendant Doe III"), (collectively "defendant police officers",) and the Harrisburg Police Bureau ("City") (collectively "defendants").

### Parties

1.    Plaintiff is and was at all material times a resident of Harrisburg, Pennsylvania.

2.    Defendant Harrisburg Police Bureau is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Harrisburg Police Department, which employed the defendant police officers.

3.    Defendant Police Officer Christopher Auletta was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

4.    Defendant Police Officer Erik Henry was at all times relevant to this action an officer of the City of Harrisburg Police Bureau. He is being sued in his individual capacity as a police officer for the City of Harrisburg.

5.    Defendant Police Officer Nathaniel Pucciarello was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

2

6.       Defendant Police Officer Duane Pyles was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

7.       Defendant Police Officer John Doe I was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

8.       Defendant Police Officer John Doe II was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

9.       Defendant Police Officer John Doe III was at all times relevant to this action an officer of the City of Harrisburg Police Bureau.  He is being sued in his individual capacity as a police officer for the City of Harrisburg.

## Jurisdiction

10.       This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

11.       On September 3, 2018 at or about 2:00 am, Mr. Atkins was driving on Seventh Street at Maclay in Harrisburg, PA.

12.       As he continued to drive, Mr. Atkins noticed a black Tahoe with dark, tinted windows behind him.

3

13.    Mr. Atkins approached a stop sign at Fifth and Maclay Streets when two white males jumped out the vehicle and demanded Mr. Atkins turn his vehicle off and take his keys out of the ignition.

14.    Neither of the individuals whom approached Mr. Atkins' vehicle identified themselves as police officers and were wearing neither uniforms nor a badge.

15.    In fear of being a victim of robbery, Mr. Atkins sped off.

16.    The unmarked Tahoe followed Mr. Atkins again, which resulted in Mr. Atkins exiting his vehicle and attempting to run away.

17.    Defendants Auletta and Henry caught Mr. Atkins and began physically assaulting him. Defendants Pucciarella and Pyles arrived to scene and assaulted Mr. Atkins as well.

18.    The defendant police officers stopped Mr. Atkins without provocation because they accused him of having a non-functioning headlight as well as being intoxicated.

19.    The defendant police officers stopped Mr. Atkins without provocation because they racially profiled and discriminated against him.

20.    The defendant police officers, without provocation attacked Mr. Atkins and used tazers on him. They also punched him in the face and chest areas repeatedly.

21.    Throughout the course of the assault, none of the defendant police officers made any attempt to prevent or interrupt the assault, or to protect Mr. Atkins from violations of his rights by the other defendant officers.

22.    The assault continued until the defendant police officers realized the severity of Mr. Atkins' injuries.

23.    At no time did Mr. Atkins cause or present any danger to any police officers or

4

anyone present at the scene.

24.     Mr. Atkins was assaulted to the point that he had to be taken to Holy Spirit
Hospital for treatment.

25.     As a direct and proximate result of the actions or inactions of the defendants, Mr.
Atkins was punched in his face and tazered on his neck and shoulders and was severely injured,
sustaining a knot on the forehead, a knot on the back of his head, multiple abrasions, nerve
damage to the left side of his body, torn right rotator cuff and aggravated spinal injury among
other injuries.

26.     Subsequent to the unlawful assault, Mr. Atkins unlawfully was arrested and
unlawfully was charged with, *inter alia,* aggravated assault, attempting to elude an officer, flight
to avoid apprehension, driving under the influence, possession and reckless driving.

27.     Subsequent to the unlawful detention, assault and arrest of Mr. Atkins, defendants
prepared and caused to be prepared police paperwork intentionally misrepresenting the events that
led to the arrest of Mr. Atkins.  These misrepresentations were intentional, malicious, in bad faith,
deliberately indifferent and recklessly indifferent to Mr. Atkins' rights.

28.     At no time during the incident described in this complaint did Mr. Atkins violate
the laws of Pennsylvania or any other jurisdiction to justify any police interaction, as described in
the bogus paperwork prepared by the defendant police officers.

29.     Mr. Atkins continues to suffer from, *inter alia,* trauma, anxiety, fear, and mental
harm.

30.     As a direct and proximate result of the defendants' actions, Mr. Atkins was
deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments

to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested, the right to be free from malicious prosecution, the right to be free from false arrest and the right to due process of law.

31.     The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Atkins to freedom from use of excessive, unreasonable and unjustified force against his person the right to be free from malicious prosecution, the right to be free from false arrest and the right to due process of law.

**COUNT ONE**
**Excessive Use of Force**
**42 U.S.C. § 1983 Against Individual Defendant Harrisburg Police Bureau Police Officers**
**Christopher Auletta, Erik Henry, Nathaniel Pucciarella, Duane Pyles and John Doe I-III**

32.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 31, inclusive, of his Complaint as if the same were set forth at length herein.

33.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the defendant police officers for violation of Mr. Atkins' constitutional rights under color of law.

34.     As aforesaid, defendant police officers acting within the course and scope of the City of Harrisburg employment, under color of state law, and pursuant to the customs, policies and practices of the City of Harrisburg Police Bureau intentionally and maliciously tazered and punched  Mr. Atkins; deprived Mr. Atkins of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated Mr. Atkins' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United

6

States, and were in violation of 42 U.S.C. Section 1983.

35.     The defendant police officers within the course and scope of their employment, under color of state law, and pursuant to the customs, policies and practices of their respective City of Harrisburg Police Bureau intentionally and maliciously assaulted and battered Mr. Atkins, and used their positions of authority illegally and improperly to punish Mr. Atkins as set forth above which violated Mr. Atkins' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

36.     The defendant police officers have been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular, City of Harrisburg to be free from excessive force, which deliberate indifference violated Mr. Atkins' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

37.     The defendant police officers invaded the privacy and/or cast Mr. Atkins in a false light by making it appear to others that Mr. Atkins had violated or was violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

38.     As a result of the above actions, Mr. Atkins suffered the damages as aforesaid.

39.     The actions of defendants City of Harrisburg Police Officer Christopher Auletta and Erik Henry were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Atkins' rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Kevin Atkins, demands judgment in his favor and against the

7

police officer defendants, for compensatory damages, punitive damages, reasonable attorney fees

and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
### 42 U.S.C. § 1983 and Supplemental Claim Against Individual Defendants City of Harrisburg Police Bureau Police Officers Christopher Auletta, Erik Henry, Nathaniel Pucciarella, Duane Pyles and John Doe I-III

40.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 39,

inclusive, of his Complaint as if the same were set forth at length herein.

41.     Defendant police officers acting in concert and conspiracy, committed acts in

violation of Mr. Atkins' Constitutional Rights and against the laws of Pennsylvania.  The

defendants made statements among themselves and others in order to conceal their unlawful and

unconstitutional conduct and in an attempt to deny plaintiff's access to the courts and to due

process and to cover-up the wrongful tazaring and punishing of Mr. Atkins.

42.     Defendant police officers performed overt acts in furtherance of the conspiracy.

43.     As a result of the above actions, Mr. Atkins suffered the damages as aforesaid.

44.     The actions of defendant police officers were so malicious, intentional and

reckless, and displayed such a reckless indifference to Mr. Atkins' rights and well being that the

imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Kevin Atkins, demands judgment in his favor and against the

defendant police officers for compensatory damages, punitive damages, reasonable attorney fees

and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT THREE
### Bystander Liability
### 42 U.S.C. § 1983 Against Individual Defendants City of Harrisburg Police Bureau Police Officers Christopher Auletta, Erik Henry, Nathaniel Pucciarella, Duane Pyles and John Doe I-III

45.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 44, inclusive, of his Complaint as if the same were set forth at length herein.

46.     Plaintiff believes and therefore avers that defendant police officers encouraged and stood idly by while Mr. Atkins was assaulted and battered which deprived Mr. Atkins of his rights and privileges under the Fourth and Fourteenth Amendments of Constitution of the United States.

47.     Defendant police officers failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery and tazaring of Mr. Atkins.

48.     By encouraging and failing to intervene, the defendant police officers effectively assisted each other in assaulting and battering and tazaring Mr. Atkins and therefore deprived Mr. Atkins of his Constitutional rights and privileges under the Fourth and Fourteenth Amendments to the Constitution of the United States.

49.     As a result of the above actions, Mr. Atkins suffered the damages as aforesaid.

50.     The actions of the defendant police officers were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Atkins' rights and well being that the imposition of punitive damages is warranted.

51.     The defendant police officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff's

access to the courts and to due process and to cover-up the wrongful tazaring of Mr. Atkins.

WHEREFORE, plaintiff, Kevin Atkins, demands judgment in his favor and against the defendant police officers for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FOUR
### 42 U.S.C. Section 1983 Against City of Harrisburg

52.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 51, inclusive, of his Complaint as if the same were set forth at length herein.

53.     Prior to September 3, 2018, the City of Harrisburg developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation of Mr. Atkins' rights.

54.     It was the policy and/or custom of the City of Harrisburg to cover-up and to avoid detection of acts of police abuse or use of excessive force by charging victims of police abuse with criminal offenses thereby attempting to prevent the victim's access to the courts and to due process.

55.     It was the policy and/or custom of the City of Harrisburg to inadequately supervise and train their police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of their police officers.  The City of Harrisburg did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

56.     It was the policy and/or custom of the City of Harrisburg to inadequately supervise and train their police officers, including the defendant officers, against a code of silence

or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

57.     It is believed and therefore averred that the City of Harrisburg and their Police Departments adopted and maintained for many years a recognized and accepted policy, custom and practice of systematically tazing suspects and subjecting individuals to the same type of treatment to which Mr. Atkins was subjected, which policy constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

58.     It is believed and therefore averred that the City of Harrisburg and their Police Departments have adopted and maintained for many years a recognized policy, custom and practice, which allows for tazing suspects by Police Officers, the same type of treatment to which Mr. Atkins was subjected, and which violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

59.     It is believed and therefore averred that at the time that Mr. Atkins was tazered and the City of Harrisburg knew or should have known of the previously described policy, custom and practice of their Police Departments, and it deliberately, knowingly, and negligently failed to take measures to stop or limit the policy, custom and practice, *inter alia*, providing proper training, supervision, and control of the officers, agents, and/or employees of the City of Harrisburg.

60.     As a result of the above described policies and customs, police officers of the City of Harrisburg and the City of Harrisburg, including the defendant police officers, believed that

11

their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and condoned.

61.     As a result of the above actions, Mr. Atkins suffered the damages as aforesaid.

62.     The actions of the City of Harrisburg were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Atkins' rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Kevin Atkins, demands judgment in his favor and against defendants, City of Harrisburg for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FIVE
## RESPONDEAT SUPERIOR
## Plaintiff Against City of Harrisburg

63.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 62, inclusive, of his Complaint as if the same were set forth at length herein.

64.     The City of Harrisburg was at all times material the master and/or employer of the defendant police officers.

65.     At all times material hereto, the defendant police officers were acting in the course and scope of their employment as the servants and/or agents of defendant, the City of Harrisburg.

66.     Defendant, the City of Harrisburg intentionally, recklessly and with deliberate indifference failed to properly supervise the defendant police officers, resulting in the harm to Mr. Atkins.

67.     Defendant, City of Harrisburg, is liable under the doctrine of *respondeat superior*

12

for the intentional, malicious and indifferent conduct of its employees, defendants Auletta, Henry, Pucciarella and Pyles and violated Mr. Atkins' constitutional rights under the Pennsylvania Constitution and Laws of the Commonwealth of Pennsylvania.

WHEREFORE, plaintiff, Kevin Atkins, demands judgment in his favor and against defendant, City of Harrisburg for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

BRIAN S. CHACKER, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
Phone: (215) 567-7955
Fax: (215) 567-6809

**Attorneys for Plaintiff**
**Kevin Atkins**

Date: 9/1/20

13